**FORM TO BE USED BY FEDERAL PRISONERS FOR FILING A PETITION FOR WRIT OF HABEAS CORPUS UNDER TITLE 28 U.S.C. § 2241**

## IN THE UNITED STATES DISTRICT COURT

**FOR THE** DISTRICT OF MASSACHUSETTS

Robert Simpson
_____
Petitioner
Robert Patrick Simpson 10347-052
_____
FMC Devens, P.O.Box 879
_____
Ayer, Ma 01432
_____
(Full name under which you were convicted;
Prison Number; Full Mailing Address).

**04-40215DPW**

**VS.**

**CIVIL ACTION NO.**_____

David L. Winn, warden
_____
Respondent(s)
David L. Winn
_____
B.O.P.
_____
_____
(Name of Warden or other authorized person
having custody of Petitioner).

**PLEASE COMPLETE THE FOLLOWING. READ THE ENTIRE PETITION BEFORE FILLING IT OUT. ANSWER THOSE QUESTIONS WHICH PERTAIN TO YOUR TYPE OF CLAIM.**

1. This petition concerns: (check appropriate blank)

_____ A conviction

_____ A sentence (**CAUTION:** If you are attacking a sentence imposed under a Federal Judgment, you must file a direct motion under 28 U.S.C. § 2255 in the Federal Court which entered the Judgment).

XXXXXX Jail or prison conditions

_____ Prison discipline issue

_____ A parole problem

XXXXXX Other. State briefly: The pending transfer of the petitioner, a minimum security out custody inmate to FCI Raybrook, a medium security facility as WORK CADRE. This transfer creates a quantum difference in relation to the respective level of confinement that's inconsistent with the petitioners security/custody class-ification. The objective of the security designation is to place the inmate XXXXXXXXXXXXXXXX in the LOWEST SECURITY LEVEL FACILITY for which the inmate qualifies. Through a system which would insure appropriate designation as well as a method of assignment in the least restrictive environment which would provide appropriate control.

2. Place of detention: FMC Devens, P.O.Box 879, Ayer, Ma 01432

1

**HAVE YOU FILED PREVIOUS PETITIONS FOR HABEAS CORPUS MOTION UNDER TITLE 28 U.S.C. § 2255, OR ANY APPLICATIONS, PETITONS OR MOTIONS WITH RESPECT TO THIS CONVICTION?**

_____ Yes         _____X_____ No

3. If your answer is "yes," give the following information:

a. Name of the Court: _____

b. Nature of proceeding: _____

_____

c. Grounds raised: _____

_____

_____

_____

_____

d. Result: _____

_____

e. Date of result: _____

f. Citation or number of any written opinion or order entered pursuant to each such disposition: _____

_____

4. If you did not file a motion under section 2255 of Title 28 U.S.C., or if you filed a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:

_____

_____

_____

_____

_____

5. Does counsel presently represent you? _____ Yes _____ No

If so, Name address and phone number of counsel: _____

_____

_____

6. Name and location of court, which imposed sentence: _____

_____

_____

_____

7. Indictment or case number, if known:  __5:00-CR-373(fjs)__

8. Offense or Offenses for which sentence was imposed:  __18 USC § 924(c), 21 USC § 846__

9. Date upon which sentence was imposed and the term of the sentence:  __June 14, 2002__
__46 Months, 18 months for Count 1, 28 months for count 3__

10. When was a finding of guilt made? (Check one)
__XXXXXX__ After a plea of guilty

_____ After a plea of not guilty

_____ After a plea of Nolo Contendre

11. If you were found guilty after a plea of not guilty, was that finding made by:
_____ A jury

_____ A judge without a jury

12. Did you appeal the judgment of the conviction or the imposition of a sentence? _____ Yes __xxxx__ No

13. If you did appeal, give the following information for each appeal:

a. Name of court: _____

b. Result: _____

c. Date of result: _____

d. Citation or number of opinion: _____

e. Grounds raised: (List each one)

_____
_____
_____
_____
_____
_____
_____

**NOTE: If you appealed more than once, attach an additional sheet of paper the same size, give all the information requested above in question number 13, a through e. DO NOT WRITE ON BACK OF PAGE.**

14. Summarize briefly the facts supporting each ground. If necessary attach a single page behind this page.

**CAUTION:** If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

a. Ground one: _____

_____

Supporting Facts: (Tell your story BRIEFLY without citing cases or law. You are CAUTIONED that you must state facts not conclusions, in support of your grounds. E.g., who did exactly what to violate your rights at what time or place).

_____

_____

_____

_____

_____

_____

_____

b. Ground Two: _____

_____

Supporting Facts: _____

_____

_____

_____

_____

_____

Ground Three: _____

_____

Supporting Facts: _____

_____

_____

_____

_____

_____

4

15. If this petition concerns jail or prison conditions, prison discipline, a parole problem or other cause under 28 U.S.C. § 2241, answer the following:

a. Did you present the facts in relation to your present complaint in the internal prison grievance procedure?

__XXXXXXX__ Yes _____ No

(1) If your answer to "a" above is yes, what was the result? Informly, I was informed by all the G-unit team that their was no appeal process for a redesignation.

_____

(2) If your answer to "a" above is no, explain: _____

_____

_____

b. Did you present your claim to the Bureau of Prisons or other federal agency for administrative action?

_____ Yes __XXXXXXX__ No , The issue of this transfer does not allow time to
follow administrative action.

(1) If your answer is "yes," state the date such claim was submitted and what action, if any has been taken:

_____

_____

(2) If your claim has not been acted on, attach copies of any correspondence you have received from the Bureau of Prisons or other federal agency concerning you.

c. **STATEMENT OF CLAIM:** State here as briefly as possible the facts of your case. DO NOT give any legal arguments or cite any cases or any statutes. Attach extra pages of the same size to this page if more room is necessary. DO NOT write on the reverse side of this page.

I, am a Minimum security inmate with out custody. I was recently recommended for redesignation and transfer to a minimum security FPC (federal prison camp).
   On September 27, 2004 I was notified that I was redesignated to FMC McKean, and would furlough transfer their with my family on October 22,2004. This was a excellent opportunity, based on the facilities programs, and also being closer to my home and family.
   On October 5,2004 I was notified that I was now redesignated to FCI Raybrook, a MEDIUM SECURITY PRISON as WORK CADRE. Raybrook is a higher security prison than I am currently housed in and 3 levels higher that my custody level.
   As Work Cadre I will be housed in a unit with 30-40 other cadre inmates, and due to their being no adjacent satellite camp will use all the same facilities as the medium security inmates such as: Visiting, education, food service, commissary, ect.. Recreation
   The establishment of security levels and the subsequent segregration of higher security, dangerous, violent inmates was clearly established to provide a individulized system of discipline, care, and treatment of the persons committed to each institution based on the established system of classification.

SEE ATTACHED

5

## C. STATEMENT OF CLAIM continued

This redesignation of a minimum security inmate to a medium security facility creates a sufficient liberty interest for the petitioner by:

(1)    Not following the established <u>custody classification</u> procedures. A review process to assign a custody level based on an Inmates criminal history, instant offense, and institutional adjustment. A custody level (i.e. Community, Out, In, Maximum, and) dictates the degree of staff supervision required for an individual inmate.

(2)    Nor following the established <u>Security Levels</u>, used to describe the structural variables and inmate to staff ratio provided at various types of Bureau institutions (i.e. Minimum, Low, Medium, High, plus an Administrative), Seven factors are required to support an institution's security level. It also identifies the institution type required to house inmates based on their histories, institutional adjustment, and public safety factors as well as the physical security of the institution to include mobile patrols, gun towers, perimeter barriers, housing, detection devices, inmate to staff ratio and internal security.

(3)    Assigned <u>Custody Levels</u> that would place an inmate in the LEAST RESTRICTIVE ENVIRONMENT which would provide appropriate control.

(4)    The <u>security levels</u> objective is to place each inmate in the LOWEST SECURITY LEVEL FACILITY for which the inmate qualifies.

(5)    The use of a "Management Variable- reflect and support the professional judgment of bureau staff to insure the inmate placement in the most appropriate level institution. Management variables are required when placement has been made and/or maintained at an institutional level inconsistent with the inmates security score- a score which may not be completely/accurately reflect his or her security needs." ID. Program statement 5100.07

5-a

WORK CADRE- is one of these management variables that the BOP used
to place an inmate at a secure facility without an adjacent satellite
camp, the regional designator may authorize a certain number of work
cadre inmates to perform work outside the perimeter of the institution.
"In some cases, placement may be OUTSIDE the NORMAL GUIDELINES, and
this management variable shall apply.

This Variable is a means for the BOP to ignore the individual inmates
assigned Custody, and Security Classification and place a inmate in
any level facility without respect for the inmates: RIGHTS, NEEDS,
or the use of THE INMATE CLASSIFICATION GUIDELINES TO PROVIDE INMATES
AND STAFF A SAFER ENVIRONMENTS TO LIVE AND WORK.

Finally the CARE AND TREATMENT of the petitioner nor the character
and mental conditions were not considered through the commitment to
such a institution, due to:

- The petitioner is a survivor of sexual abuse by a male peer at
the age of 12 years old, that had resulted in a level of self destructive
behavior, Drug and Alcohol abuse, Post-Traumatic-Stress-Disorder,
and Depression, All a matter of record in the petitioners PSI and
also a issue raised in concern over the pending transfer to Staff
of this facility and also to the psychology department.

This equates to blatant disregard for my mental and physical health
as a medium security facility houses a considerably more dangerous
and violent inmate. For example at McKean the average sentence of
an inmate at the: CAMP is 24 MONTHS, and at the MEDIUM FCI is 30 YEARS
( numbers from the Federal prison Guide, byAllen Ellis.).

FINALLY , the vary fact that I was recommended for redesignation
and initially designated to a Minimum security FPC based on my sec./cust.
level, to then be designated to a higher security more restrictive

5-b

environment, without any security public safety factors, nor and Inmate program need such as: Substance abuse, educational/vocational training, medical/mental need; or administrative factors: overcrouding, release residence, judicial recommendation, separation needs, or increased security measures to ensure the protection of victims/witnesses to the public in general. Basicly amounts to a unjustified allocation of resources, and undue additional punishment and hardship upon the petitioner beyond simple imprisonment that is the punishment in and of it's self.

**16. RELIEF:** state briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

(1) Require the BOP to Designate me according to my custody classification as a Minimum Security/Out Custody inmate to a Minimum Security FPC (Federal Prison Camp), not enhance my designation facility by 2 levels from a Minimum-to Low- to Medium. through the use of a "Management Variable" as WORK CADRE that does nothing more than ignore the objective of the security designation system that is to place each inmate in the LOWEST SECURITY LEVEL FACILITY for which the inmate qualifies.

-With respect to both bed space and proximity to my release residence, There is a new facility opening in Scranton,Pa. that in about 3 hours from my home and family. that starts receiving Inmates in November. That would be a appropriate placement for my reintegration back home through the opportunity for furlough visits to establish employment, and/or furthering my education.

(2) That I remain here at FMC Devens pending appropriate redesignation.

(3) That any redesignation be open to Judicial review to insure no retaliatory action for exercising my constitutional rights ( such as placement well beyond my current 6 hours from my home and family).

(4) That the BOP be required to get an inmates consent to be redesignated as work cadre, in a facility above their current custody classification. or be required to establish a satellite camp were their is an institutional need. for Inmates to work outside the perimeter of the main institution.

Signed on this the ___12___ day of __October__ , 200_4_ .

_(signature)_
Signature of petitioner
Robert P. Simpson

**I DECLARE (OR CERTIFY, VERIFY OR STATE) THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE OR INFORMATION AND BELIEF AND THAT ANY FALSE STATEMENTS MADE THEREIN ARE MADE SUBJECT TO THE PENALTIES OF APPLICABLE LAWS RELATING TO UNSWORN FALSIFICATIONS TO AUTHORITIES.**

**Executed on:** __October, 12__ , 200_4_ .

_(signature)_
Signature of petitioner
Robert P. Simpson
10347-052

6