```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

ROBERT SIMPSON,                )
          Petitioner,          )
                               )
     v.                        ) C.A. No. 04-40215-DPW
                               )
DAVID L. WINN, WARDEN,         )
          Respondent.          )
```

MEMORANDUM AND ORDER

For the reasons set forth below, I decline to entertain petitioner's request for ex-parte injunctive relief.

BACKGROUND

On October 26, 2004, petitioner Robert Simpson, an inmate at FMC Devens, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("habeas petition"); an Application to Proceed Without Prepayment of Fees ("application"); and a Motion For Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction ("emergency motion").

Petitioner alleges he is in federal custody under a sentence of 46 months for violation of 18 U.S.C. §924(c) (possession of a firearm in relation to a drug trafficking crime); 21 U.S.C. § 846 (conspiracy to possess with intent to distribute controlled substance).  See Petition, ¶ 9.  Simpson alleges he was initially recommended for redesignation and transfer to FMC McKean, a minimum security federal prison camp close to his home and family.  Id. at ¶ 15(c).  He further alleges that he was subsequently notified that he was

redesignated to FCI Raybrook, a medium security prison work cadre that is three levels higher than his current custody placement. <u>Id.</u> Petitioner complains the respondent has not followed the applicable program statement concerning security and custody classifications and references Bureau of Prisons Program Statement 5100.07, Security Designation and Custody Classification Manual. <u>Id.</u> In the affidavit accompanying the petition, <u>see</u> Docket No. 4, petitioner avers that although the Bureau of Prisons was directed to remove from his record a "sex offender" Public Safety Factor, petitioner believes this factor is improperly utilized by the Bureau of Prisons. <u>See</u> Petitioner's Affidavit, Docket No. 4.

In his emergency motion, petitioner seeks, among other things, to have this Court enjoin petitioner's transfer from FMC Devens to a higher security facility. <u>See</u> Emergency Motion, Docket No. 3.

## DISCUSSION

To the extent petitioner seeks to have the $5.00 filing fee waived for this action, I find that petitioner has sufficient funds to pay the filing fee for this action. Therefore, petitioner's Application to Proceed Without Prepayment of Fees is denied. Petitioner must pay the $5.00 filing fee or this action will be subject to dismissal without

prejudice.

In any event, to the extent petitioner's motion seeking ex-parte injunctive relief were to be properly before me, I would deny his request.  An _ex_ _parte_ restraining order may, of course, be sought pursuant to Fed. R. Civ. P. 65(b).[1]  A party seeking an _ex_ _parte_ temporary restraining order, however, must allege that his injury or loss is "immediate and irreparable" and will occur before the adverse party or that party's attorney can be heard in opposition to the motion.  Fed. R. Civ. P. 65(b).  Further, the party's attorney (or the party himself, if proceeding _pro_ _se_ as here) must certify to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.  _Id._

Here, Mr. Simpson failed to certify his efforts to give

---

[1] Rule 65(b) states that:
> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).

notice to the respondent in this action.  The failure to do so provides sufficient grounds for denial of the request.  See Thompson v. Ramirez, 597 F. Supp. 726, 726 (D. P.R. 1984) (denying temporary restraining order, in part, where there had been no certification to court in writing, of the efforts, if any, of notification to adverse parties).

ORDER

Based upon the foregoing, it is hereby

ORDERED, petitioner's Application to Proceed Without Prepayment of Fees is Denied.  Petitioner shall pay the $5.00 filing fee to the Clerk of Court within forty-two (42) days from the date of this Memorandum and Order or this action will be subject to dismissal; and it is further

ORDERED, the Clerk serve a copy of the habeas petition and emergency motion upon the respondent and the Office of the United States Attorney; and it is further

ORDERED, the Respondent shall file an answer (or other responsive pleading) to the habeas petition, within twenty-eight (28) days of receipt of this Order.

SO ORDERED.

Dated at Boston, Massachusetts, this 4th day of November, 2004

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE