# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT SIMPSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civ. Action No. 04-40215 (DPW) |
| v. | ) | |
| | ) | |
| DAVID L. WINN, WARDEN, | ) | |
| Federal Medical Center, Devens, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

---

## DECLARATION OF PATRICK W. WARD

I, Patrick Ward, hereby make the following declaration:

1. I am employed by the United States Department of Justice, Federal Bureau of Prisons, at the Federal Medical Center in Devens, Massachusetts (FMC Devens), as an Attorney Advisor. The legal office, from which I am located, is the Consolidated Legal Center - Devens. I have been employed at this position since approximately March 24, 2002.

2. As an Attorney Advisor, I have access to numerous records maintained in the ordinary course of business at FMC Devens, regarding federal prisoners, including, but not limited to, documentary records, Judgment and Commitment files, and computerized records maintained on the Bureau of Prisons computerized data base, SENTRY.

3. I am aware of the pending Petition for a Writ of Habeas Corpus filed my Inmate Robert Simpson, Reg. No. 10347-052. Respondent, David L. Winn, Warden of the Federal Medical Center, Devens, Massachusetts, received a copy of this Petition and Order of this Court, via Certified Mail on or about November 8, 2004.

4. I have access to the various databases and files concerning administrative remedy claims filed pursuant to the Administrative Remedy Program, which are maintained by the Bureau of Prisons in the ordinary course of business. In particular, I have access to SENTRY, which maintains a record of all of the administrative remedies filed by an inmate, the dates thereof, and the dispositions. These records reflect every administrative remedy claim filed by an inmate in the Bureau of Prisons, while housed in any federal institution of the Bureau of Prisons.

5. The Bureau of Prisons has established an administrative remedy procedure whereby inmates can seek formal review of any complaint regarding any aspect of their imprisonment. Petitioner had available to him the four step procedures set forth in the BOP's Administrative

Remedy Program. See 28 C.F.R. § 542. The BOP regulations provide "a process through which inmates may seek formal review of an issue which relates to any aspect of their confinement... if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10. In accordance with the BOP's Administrative Remedy Program, an inmate shall first attempt informal resolution of his complaint by presenting the issue informally to staff, and staff must attempt to resolve the issue. See 28 C.F.R. § 54213(a). If the complaint cannot be resolved informally, the inmate may submit a formal written Administrative Remedy Request to the Warden, on a designated form, within twenty days of the event that triggered the inmate's complaint. 28 C.F.R. § 542.14(a). If the inmate's formal request is denied, the inmate may submit an appeal to the appropriate Regional Director of the BOP, within twenty calendar days of the date of the Warden signed the response. 28 C.F.R. § 542.15(a). A negative decision from the Regional Director may in turn be appealed to the General Counsel's office (in the Central Office) within thirty calendar days of the date the Regional Director signed the response. Id. No administrative remedy appeal is considered to have been fully exhausted until considered by the Bureau of Prisons' Central Office. 28 C.F.R. §§ 542.14-542.15. This Program is available to inmates confined at FMC Devens, as well as FCI Ray Brook, and would include any issues surrounding custody level, transfer, or re-designation determinations.

6.    On November 29, 2004, I ran a SENTRY search to determine if inmate Robert Simpson, Reg. No. 10347-052, had filed any administrative remedy claims under the Administrative Remedy Program in regard to the allegations in his Petition. A review of his Administrative Remedy Record revealed that, while he has utilized the administrative remedy process to file administrative remedy submissions on other issues, he has not used this process to raise a single remedy submission on the issue presented in this Petition. A true and accurate copy of the Administrative Remedy Generalized Retrieval screen for Petitioner Robert Simpson, Reg. No. 10347-052, is attached as **Document B**.

7.    Attached hereto please find true and correct copies of the following documents:

    A.    Sentence Monitoring Computation Data;
    B.    Administrative Remedy History;
    C.    Judgment and Commitment Order;
    D.    Security Designation Data;
    E.    Request for Transfer;
    F.    Clearance Data;
    G.    Inmate History, Admission-Release.

I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this 30 th day of November, 2004

                                        _Patrick W. Ward_
                                        Patrick W. Ward
                                        Attorney Advisor
                                        Consolidated Legal Center - Devens

# EXHIBIT 1
# DOCUMENT A

```
   DEVEN  540*23 *          SENTENCE MONITORING        *    11-29-2004
PAGE 001         *          COMPUTATION DATA           *    11:01:30
                            AS OF 11-29-2004
```

REGNO..: 10347-052 NAME: SIMPSON, ROBERT


```
FBI NO............: 843628RA1          DATE OF BIRTH: 10-04-1971
ARS1.............: RBK/A-DES
UNIT.............: DEL CADRE           QUARTERS.....: S02-207U
DETAINERS........: NO                  NOTIFICATIONS: NO
```

PRE-RELEASE PREPARATION DATE: 07-18-2005

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  11-16-2005 VIA GCT REL

---------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

```
COURT OF JURISDICTION...........: NEW YORK, NORTHERN DISTRICT
DOCKET NUMBER...................: 5:00CR00373-002
JUDGE...........................: SCULLIN
DATE SENTENCED/PROBATION IMPOSED: 06-04-2002
DATE COMMITTED..................: 07-23-2002
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                FELONY ASSESS  MISDMNR ASSESS  FINES          COSTS
NON-COMMITTED.:  $200.00        $00.00         $00.00        $00.00
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO     AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  130
OFF/CHG: 18:924(C) USE AND CARRY A FIREARM DURING AND IN RELATION
         TO A DRUG TRAFFICKING CRIME.

```
 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    28 MONTHS
 TERM OF SUPERVISION............:     3 YEARS
 DATE OF OFFENSE................: 09-17-1998
```

G0002       MORE PAGES TO FOLLOW . . .

```
   DEVEN  540*23 *           SENTENCE MONITORING        *     11-29-2004
PAGE 002          *           COMPUTATION DATA          *     11:01:30
                                AS OF 11-29-2004
```

REGNO..: 10347-052 NAME: SIMPSON, ROBERT


-----------------------CURRENT OBLIGATION NO: 020 --------------------------
OFFENSE CODE....:  391
OFF/CHG: 21:846 CONSPIRACY TO DISTRIBUTE AND TO POSSESS WITH INTENT
        TO DISTRIBUTE COCAINE BASE, COCAINE, AND MARIJUANA.

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   18 MONTHS
 TERM OF SUPERVISION............:    3 YEARS
 DATE OF OFFENSE................: 12-31-1998

-----------------------CURRENT COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 11-21-2004 AT RBK AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 010 020

DATE COMPUTATION BEGAN..........: 07-23-2002
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............:   46 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    3 YEARS     10 MONTHS
AGGREGATED TERM OF SUPERVISION..:    3 YEARS
EARLIEST DATE OF OFFENSE........: 09-17-1998

JAIL CREDIT.....................:    FROM DATE      THRU DATE
                                     08-02-2000     08-08-2000

TOTAL PRIOR CREDIT TIME.........: 7
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 180
TOTAL GCT EARNED................: 108
STATUTORY RELEASE DATE PROJECTED: 11-16-2005
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 05-15-2006


G0002       MORE PAGES TO FOLLOW . . .

```
  DEVEN  540*23 *            SENTENCE MONITORING        *      11-29-2004
PAGE 003 OF 003 *            COMPUTATION DATA           *      11:01:30
                             AS OF 11-29-2004
```

REGNO..: 10347-052 NAME: SIMPSON, ROBERT


PROJECTED SATISFACTION DATE.....: 11-16-2005
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: SELF-SURRENDERED TO FMC DEVENS ON 7/23/2002 - HAS 28 MONTH
                SENTENCE ON COUNT 3 AND 18 MONTHS ON COUNT 1 CONSECUTIVE -
                FOR A TOTAL TERM OF 46 MONTHS.

S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

# EXHIBIT 1
# DOCUMENT B

Case 4:04-cv-40215-DPW    Document 7-2    Filed 12/03/2004    Page 9 of 29

*ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *    11-29-2004
11:02:30

FUNCTION: LST SCOPE: REG    EQ 10347-052    OUTPUT FORMAT: FULL
-------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
DT RCV: FROM _____ TO _____ THRU _____ DT STS: FROM _____ THRU _____
DT STS: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT RDU
DT TDU: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT TRT
STS/REAS:  _____  _____  _____  _____  _____  _____  _____  _____
SUBJECTS:  _____  _____  _____  _____  _____  _____  _____  _____
EXTENDED: _ REMEDY LEVEL: _ _           RECEIPT: _ _ _  "OR" EXTENSION:  _ _ _
RCV  OFC : EQ _____     _____     _____     _____     _____     _____
TRACK:  DEPT:  _____  _____  _____  _____  _____  _____
      PERSON:  ___       ___       ___       ___       ___       ___
       TYPE:  ___       _____   _____   _____   _____   _____
EVNT FACL: EQ ____       ___       ___       ___       ___       ___
RCV FACL.: EQ _____      ___       ___       ___       ___       ___
RCV UN/LC: EQ _____      _____   _____   _____   _____   _____
RCV QTR..: EQ _____  _____  _____  _____  _____  _____
ORIG FACL: EQ _____      ___       ___       ___       ___       ___
ORG UN/LC: EQ _____  _____  _____  _____  _____  _____
ORIG QTR.: EQ _____  _____  _____  _____  _____  _____


G0002       MORE PAGES TO FOLLOW . . .

Case 4:04-cv-40215-DPW    Document 7-2    Filed 12/03/2004    Page 10 of 29

```
REGNO: 10347-052 NAME: SIMPSON, ROBERT
RSP OF...: RBK UNT/LOC/DST: DEL CADRE           QTR.: S02-207U   RCV OFC: DEV
REMEDY ID: 303643-F1       SUB1: 13IM SUB2:     DATE RCV:   07-02-2003
UNT RCV..: G UNIT         QTR RCV.: G03-312U    FACL RCV: DEV
UNT ORG..: G UNIT         QTR ORG.: G03-312U    FACL ORG: DEV
EVT FACL.: DEV    ACC LEV:   DEV 1                      RESP DUE:   MON  08-11-2003
ABSTRACT.: PSF APPEAL - SEX OFFENDER
STATUS DT: 07-15-2003  STATUS CODE: CLG STATUS REASON: GRT
INCRPTNO.:          RCT: P EXT: P DATE ENTD: 07-02-2003
REMARKS..:
```

```
                  CURRENT INVESTIGATIVE AND RELIEF TRACKING DATA
DATE DUE          DEPARTMENT   TO    DATE ASSN   TRK TYPE    DATE RETURNED
TUE 07-15-2003    UNT MGT      NLP   07-07-2003    INV       07-15-2003
WED 07-16-2003    CEO          DLW   07-15-2003    SIG       07-15-2003
```

```
G0002      MORE PAGES TO FOLLOW . . .
```

```
REGNO: 10347-052 NAME: SIMPSON, ROBERT
RSP OF...: RBK UNT/LOC/DST: DEL CADRE           QTR.: S02-207U   RCV OFC: NER
REMEDY ID: 313741-R1       SUB1: 20BM SUB2:     DATE RCV:   10-14-2003
UNT RCV..: G UNIT          QTR RCV.: G02-203U   FACL RCV: DEV
UNT ORG..: G UNIT          QTR ORG.: G02-203U   FACL ORG: DEV
EVT FACL.: ALM   ACC LEV:                       RESP DUE:
ABSTRACT.: APPEALS 09/11/03 DHO FOR 399
STATUS DT: 10-16-2003  STATUS CODE: REJ STATUS REASON: UTR
INCRPTNO.: 1137930   RCT:   EXT:   DATE ENTD: 10-16-2003
REMARKS..:
```

G0002      MORE PAGES TO FOLLOW . . .

REGNO: 10347-052 NAME: SIMPSON, ROBERT
RSP OF...: RBK UNT/LOC/DST: DEL CADRE            QTR.: S02-207U    RCV OFC: NER
REMEDY ID: 313741-R2        SUB1: 20BM SUB2:     DATE RCV:    11-06-2003
UNT RCV..: G UNIT           QTR RCV.: G01-110U   FACL RCV: DEV
UNT ORG..: G UNIT           QTR ORG.: G02-203U   FACL ORG: DEV
EVT FACL.: ALM    ACC LEV:                        RESP DUE:
ABSTRACT.: APPEALS 09/11/03 DHO FOR 399
STATUS DT: 11-10-2003   STATUS CODE: REJ STATUS REASON: UTR
INCRPTNO.: 1137930    RCT:    EXT:    DATE ENTD: 11-10-2003
REMARKS..:


G0002        MORE PAGES TO FOLLOW . . .

```
REGNO: 10347-052 NAME: SIMPSON, ROBERT
RSP OF...: RBK UNT/LOC/DST: DEL CADRE          QTR.: S02-207U   RCV OFC: BOP
REMEDY ID: 313741-A1      SUB1: 20BM SUB2:     DATE RCV:    11-26-2003
UNT RCV..: G UNIT         QTR RCV.: G01-110U   FACL RCV: DEV
UNT ORG..: G UNIT         QTR ORG.: G02-203U   FACL ORG: DEV
EVT FACL.: ALM    ACC LEV:                     RESP DUE:
ABSTRACT.: APPEALS 09/11/03 DHO FOR 399
STATUS DT: 11-26-2003  STATUS CODE: REJ STATUS REASON: UTR
INCRPTNO.: 1137930   RCT:    EXT:    DATE ENTD: 12-04-2003
REMARKS..: CONCUR WITH THE REGION'S RATIONALE FOR REJECTING
           YOUR APPEAL. YOU RECEIVED DHO REPORT ON 09-19-03
           & YOUR APPEAL WAS RECEIVED BY REGION ON 10-14-03.




              4 REMEDY SUBMISSION(S) SELECTED
G0000         TRANSACTION SUCCESSFULLY COMPLETED
```

# EXHIBIT 1
# DOCUMENT C

# UNITED STATES DISTRICT COURT

Northern ___ District of ___ New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>Robert Simpson | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: 5:00CR00373-002<br>Randy Scharf<br>301 Black River Boulevard<br>Rome, New York 13440 (315) 336-2410<br>Defendant's Attorney |

U.S. DISTRICT COURT-N.D. OF N.Y.

**FILED**

JUN 14 2002

AT _____ O'CLOCK
Lawrence K. Baerman, Clerk –Syracuse

## THE DEFENDANT:

X pleaded guilty to count(s)  1 and 3 of the Indictment on December 18, 2000.

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☐ was found guilty on count(s) _____
  after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to Distribute and to Possess With Intent to Distribute Cocaine Base, Cocaine, and Marijuana | 12/31/98 | 1 |
| 18 U.S.C. § 924(c) | Use and Carry a Firearm During and in Relation to a Drug Trafficking Crime | 9/17/98 | 3 |

The defendant is sentenced as provided in pages 2 through ___ 6 ___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)  2, 5, 6, and 7    ☐ is    X are  dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: October 4, 1971

Defendant's USM No.: 10347-052

Defendant's Residence Address:

7022 State Route 104 West

Oswego, New York 13126

(315) 207-1028

Defendant's Mailing Address:
Same as above

June 4, 2002
Date of Imposition of Judgment

Signature of Judicial Officer

Honorable Frederick J. Scullin, Jr., Chief U.S. District Judge
Name and Title of Judicial Officer

6/14/02
Date

U.S.D.C. FOR THE NORTHERN DISTRICT OF NEW YORK
I, the undersigned Clerk of the Court, do hereby certify that this is a true, correct and full copy of the original document on file in my office. # of pages in paper: ___ Exhibit: ___
Lawrence K. Baerman, Clerk
by _____ Deputy Clerk

DEFENDANT:          Robert Simpson
CASE NUMBER:        5:00CR00373-002

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **46 months. This term of imprisonment consists of terms of 18 months on Count 1 and 28 months on Count 3. These terms are to be served consecutively.**

**X**     The court makes the following recommendations to the Bureau of Prisons:
          **It is recommended the defendant participate in the Comprehensive Residential Drug Treatment Program.**
          **It is recommended the defendant and codefendants ▓▓▓▓▓ and ▓▓▓▓▓ all be placed in different Bureau of Prisons' facilities.**

☐     The defendant is remanded to the custody of the United States Marshal.

☐     The defendant shall surrender to the United States Marshal for this district:

    ☐     at _____ ☐ a.m.  ☐ p.m.  on _____

    ☐     as notified by the United States Marshal.

☒     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    X     before 2 p.m. on _____ July 23, 2002 _____ .

    ☐     as notified by the United States Marshal.

    ☐     as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on ___7/23/0___ to _FMC Dunos_

at ___Mass___ , with a certified copy of this judgment.

for: _David L. Winn, Warden_
                                        UNITED STATES MARSHAL

By _K. Vasquez, LIE_
                                        DEPUTY UNITED STATES MARSHAL

Judgment—Page ___3___ of ___6___

DEFENDANT: Robert Simpson
CASE NUMBER: 5:00CR00373-002

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years on each of Counts 1 and 3, to be served concurrently.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

14) the defendant shall not possess a firearm or other dangerous weapon.



DEFENDANT:      Robert Simpson
CASE NUMBER:    5:00CR00373-002

Judgment—Page ___4___ of ___6___

## SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall participate in a program for substance abuse which shall include testing for drug and alcohol use and may include outpatient and/or inpatient treatment. The program shall be approved by the United States Probation Office.

2) The defendant shall participate in a mental health program which shall include medical, psychological, or psychiatric evaluation and may include outpatient and/or inpatient treatment. The program shall be approved by the United States Probation Office.

3) The defendant shall contribute to the cost of any evaluation and/or treatment services rendered in an amount to be determined by the probation officer based on his ability to pay and the availability of third party payments.

AO 245B    NNY (Rev. 8/01) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

Judgment — Page __5__ of __6__

DEFENDANT:          Robert Simpson
CASE NUMBER:        5:00CR00373-002

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|        | Assessment | Fine | Restitution |
|--------|-----------|------|-------------|
| TOTALS | $ 200     | $ Waived | $ N/A   |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|----------------------|-------------------------------|------------------------------------------|
|               |                      |                               |                                          |
| TOTALS        | $                    | $                             |                                          |

☐ If applicable, restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for the  ☐ fine and/or  ☐ restitution.

    ☐ the interest requirement for the  ☐ fine and/or  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

Judgment — Page    6    of     6

DEFENDANT:     Robert Simpson
CASE NUMBER:    5:00CR00373-002

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**    X   In full immediately; or

**B**    ☐   Lump sum payment of $ _____ due immediately, balance due

       ☐   not later than _____ , or
       ☐   in accordance with   ☐ C,    ☐ D,    ☐ E below; or

**C**    ☐   Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment;

**D**    ☐   Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**    ☐

**F**    ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk, **U.S. District Court, Alexander Pirnie Federal Building, 10 Broad Street, Utica, New York 13501**, unless otherwise directed by the court, the probation officer, or the United States attorney. If a victim cannot be located, the restitution paid to the Clerk of the Court for that victim shall be sent to the Treasury, to be retrieved if and when the victim is located.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

     Defendant Name, Case Number, and Joint and Several Amount:

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

# EXHIBIT 1
# DOCUMENT D

Case 4:04-cv-40215-DPW   Document 7-2   Filed 12/03/2004   Page 22 of 29

```
          REGNO: 10347-052   NAME: SIMPSON, ROBERT                      ORG: CPG
RC/SEX/AGE: W/M/33   FORM D/T: 06-21-2002/1418   RES: OSWEGO, NY 13126
OFFN/CHG..: CONSP TO PWITD COCAINE, COCAINE BASE, MARIJ; USE AND CARRY A
            FIREARM DURING AND IN RELATION TO A DRUG CRIME;5:00CR00373-002
CUSTODY...: OUT        BIL:              CR HX PT: 1     CAR:
CITIZENSHP: UNITED STATES OF AMERICA  PUB SAFETY: SEX OFFN
CIM CONSID: SEPARATION                                USM: N/NY SYRACUSE
JUDGE.....: SCULLIN      REC FACL: NONE          REC PROG: COMP DAP
DETAINER..: NONE         SEVERITY: MODERATE       MOS REL.: 039
PRIOR.....: SERIOUS      ESCAPES.: NONE          VIOLENCE: NONE
PRECOMMT..: VOL SURR     V/S DATE: 07-23-2002    V/S LOC.: DESIG INST
OMDT REF..: NO           SEC TOT.: 3             SCORED LEV: LOW
CCM RMKS..: PWITD COCAINE & COCAINE BASE = 913.7 KGS MARIJ. CRIM HX:'86
            BURG-JUVENILE PLACEMENT.'89 GRAND LARC-PROB.'92 PET LARC.'94
            UNLIC OPERAT OF A MV 3X. NO KNOWN PEND. NO MAJOR MED/MH RE-
            PORTED.    DSC
DESIG: DEVENS FMC-LOW (M)       NER TEW 06-24-2002 RSN: LEVEL  MSL:
MGTV/MVED.:
DESIG RMKS:


G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

# EXHIBIT 1
# DOCUMENT E

EMS-409.051 **REQUEST FOR TRANSFER/APPLICATION OF MANAGEMENT VARIABLE** CDFRM
DEC 99
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| From: David L. Winn, Warden | Facility: FMC Devens, MA | Date: September 15, 2004 |
|---|---|---|

| Inmate's Name: SIMPSON, Robert | Register No.: 10347-052 |
|---|---|

| To: D. Scott Dodrill, Regional Director | ATTN: E. L. Tatum, Jr., Regional Designations Administrator |
|---|---|

__X__ Transfer to:   FPC McKean, PA, or any appropriate minimum security level facility. Institution
          Classification, code JUE.
____ Apply Management Variable(s)

____ Update Management Variable Expiration Date.   (New Date):  _____

1. Inmate's Medical Status:

   Inmate Simpson is assigned regular duty status with no medical restrictions.

2. Institution Adjustment (Include a brief description of the inmate's adjustment during this period of incarceration with emphasis on recent adjustment.)

   Inmate Simpson arrived at FMC Devens as an initial designation on July 23, 2002. He was sentenced in the Northern District of New York to a 28 month sentence for Use and Carrying a Firearm in Relation to a Drug Trafficking Crime and 18 months for Conspiracy to Distribute and To Possess with Intent to Distribute Cocaine Base, Cocaine, and Marijuana. The sentences are consecutive. He is scheduled for release on November 16, 2005.

   Since his arrival to this facility, inmate Simpson has made a satisfactory institutional adjustment. To date, inmate Simpson has completed seven Adult Continuing Education/College Credit classes and the 40 hour Drug Education Program. He is currently assigned to the Food Service detail, and is regularly noted as being a dedicated worker who willingly accepts assignments beyond the scope of his duties. Although he was the subject of an Incident Report in August of 2003, he has maintained clear conduct since that time. Inmate Simpson is currently listed as PRP "Complete" and is not considered a management problem.

### DISCIPLINARY RECORD

3.                        DHO Actions

   | Date | Offense/Code | Disposition |
   |---|---|---|
   | 08-29-2003 | Disruptive Conduct- Moderate/399 | 20 hours extra duty<br>3 months Loss of Commissary Privileges<br>(Suspended 180 days) |

4. Rationale for Referral.   (For Mariel Cuban Detainees, include availability of community resources and status of INS review process in this section.)

   Inmate Simpson is scored as a "0" point, Minimum security level inmate with In custody. The "Greater Security" Management Variable was previously applied in his case without an expiration date, following an Incident Report for Disruptive Conduct- Moderate, to ensure that this was an isolated incident. Inmate Simpson was identified as one of two inmates responsible for throwing bowls/plates in the food service dish room. Due to the application of the "Greater Security" Management Variable his current Security Level is "Low." With the exception of this incident, he has maintained clear conduct throughout his incarceration.

   Based on his good institutional adjustment, satisfactory programming history, and his scored custody classification as a "0" point Minimum/In custody inmate, we believe he can be appropriately managed in a camp setting. We are of the opinion that a transfer to a Minimum security level facility would be appropriate in his case as he has no history of escapes or violence, is hearing his release date, voluntarily surrendered for his current term of confinement, and has not posed a management problem. His family ties are located in Oswego, New York. Inmate Simpson has requested to be transferred to FPC McKean as this institution is closest to his release residence.

   The BP-337 reflects a Public Safety Factor of "Sex Offender" that is not scored on the BP-338 as it was previously removed by NERO. There are no other discrepancies noted between the BP-337 and the BP-338.

   If this transfer request is denied, please retain the "Greater Security" management variable to continue his placement at this facility.

| 5a. Parole Hearing Scheduled:____ Yes_XX_ No | b.  If yes, when _____ |
|---|---|

6. Note any past or present behavior and/or management/inmate concerns.

   Inmate Simpson is a Central Inmate Monitoring case with the assignment of "Separation." He is not considered to be a management problem.

Staff have checked the following SENTRY Programs to ensure that they are correct and current:

| Inmate Profile | CIM Clearance and Separatee Data |
|---|---|
| Inmate Load Data | Custody Classification Form |
| Sentence Computation | Chronological Disciplinary Record |

| Prepared by: Jeffrey Powers, Case Manager | Tony Calabro, Unit Manager |
|---|---|

If the transfer is approved, a Progress Report will be completed prior to transfer.
*For Mariel Cuban Detainees - Staff have entered the CMA Assignment of "CRP RV DT" to indicate the need for a Cuban Review Panel Hearing four months from his/her Roll-Over Date.
(This form may be replicated via WP)                    This form replaces EMS-409 of AUG 99

# EXHIBIT 1
# DOCUMENT F

```
   RBKMC           *              CLEARANCE DATA           *        11-19-2004
PAGE 001 OF 001                                                    13:11:23

REGISTER NO...: 10347-052
NAME..........: SIMPSON                         ROBERT
RSP OF........: RBK-RAY BROOK FCI


02 REMARKS: 6-24-02 NER/TEW DES DEV LOW
02 REMARKS: 8/18/03 NER/TAW REMOVE PSF OF SEX OFFENDER, N/A IN THIS CASE.
02 REMARKS: 9/27/04 NER/CPS APV 308 TRF DEV LOW TO MCK SCP.
02 REMARKS: 10-05-04 NER/JP CANCEL 308 MCK SCP; APV DEV LOW TO RBK CAD M.
```

```
G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

# EXHIBIT 1
# DOCUMENT G

Case 4:04-cv-40215-DPW    Document 7-2    Filed 12/03/2004    Page 28 of 29

REG NO..: 10347-052 NAME....: SIMPSON, ROBERT
CATEGORY: ARS        FUNCTION: DIS          FORMAT:

| FCL | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|-----|-----------|-------------|-----------------|----------------|
| RBK | A-DES | DESIGNATED, AT ASSIGNED FACIL | 11-18-2004 1315 | CURRENT |
| B01 | RELEASE | RELEASED FROM IN-TRANSIT FACL | 11-18-2004 1315 | 11-18-2004 1315 |
| B01 | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 11-18-2004 0515 | 11-18-2004 1315 |
| LEW | HLD REMOVE | HOLDOVER REMOVED | 11-18-2004 0515 | 11-18-2004 0515 |
| LEW | A-BOP HLD | HOLDOVER FOR INST TO INST TRF | 11-17-2004 1246 | 11-18-2004 0515 |
| B01 | RELEASE | RELEASED FROM IN-TRANSIT FACL | 11-17-2004 1246 | 11-17-2004 1246 |
| B01 | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 11-17-2004 0850 | 11-17-2004 1246 |
| BRO | HLD REMOVE | HOLDOVER REMOVED | 11-17-2004 0850 | 11-17-2004 0850 |
| BRO | A-BOP HLD | HOLDOVER FOR INST TO INST TRF | 11-09-2004 0743 | 11-17-2004 0850 |
| 7-F | RELEASE | RELEASED FROM IN-TRANSIT FACL | 11-09-2004 0743 | 11-09-2004 0743 |
| 7-F | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 11-09-2004 0134 | 11-09-2004 0743 |
| DEV | TRANSFER | TRANSFER | 11-09-2004 0134 | 11-09-2004 0134 |
| DEV | A-DES | DESIGNATED, AT ASSIGNED FACIL | 07-23-2002 1359 | 11-09-2004 0134 |
| 2-A | RELEASE | RELEASED FROM IN-TRANSIT FACL | 07-23-2002 1359 | 07-23-2002 1359 |

G0002       MORE PAGES TO FOLLOW . . .

Case 4:04-cv-40215-DPW    Document 7-2    Filed 12/03/2004    Page 29 of 29

REG NO..: 10347-052 NAME....: SIMPSON, ROBERT
CATEGORY: ARS         FUNCTION: DIS          FORMAT:

| FCL | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|-----|-----------|-------------|-----------------|----------------|
| 2-A | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 06-21-2002 1427 | 07-23-2002 1359 |
| CPG | ADMIN REL | ADMINISTRATIVE RELEASE | 06-21-2002 1427 | 06-21-2002 1427 |
| CPG | A-ADMIN | ADMINISTRATIVE ADMISSION | 06-21-2002 1424 | 06-21-2002 1427 |
| 2-A | RELEASE | RELEASED FROM IN-TRANSIT FACL | 06-21-2002 1424 | 06-21-2002 1424 |
| 2-A | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 06-21-2002 1349 | 06-21-2002 1424 |
| CPG | ADMIN REL | ADMINISTRATIVE RELEASE | 06-21-2002 1349 | 06-21-2002 1349 |
| CPG | A-ADMIN | ADMINISTRATIVE ADMISSION | 06-21-2002 1347 | 06-21-2002 1349 |
| 2-A | RELEASE | RELEASED FROM IN-TRANSIT FACL | 06-21-2002 1347 | 06-21-2002 1347 |
| 2-A | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 06-21-2002 1337 | 06-21-2002 1347 |
| CPG | ADMIN REL | ADMINISTRATIVE RELEASE | 06-21-2002 1337 | 06-21-2002 1337 |
| CPG | A-ADMIN | ADMINISTRATIVE ADMISSION | 06-21-2002 1331 | 06-21-2002 1337 |

G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED